UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AARON SMITH,<br>　　　Petitioner, | Case No. 1:14-cv-817 |
|  | Black, J. |
| vs | Bowman, M.J. |
| SECRETARY, DEPARTMENT<br>OF HOMELAND SECURITY, et al.,<br>　　　Respondents. | **REPORT AND<br>RECOMMENDATION** |

　　　On October 20, 2014, petitioner filed a motion for leave to proceed *in forma pauperis* in connection with a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The undersigned issued a Deficiency Order on November 3, 2014, because petitioner failed to complete an Application and Affidavit By Incarcerated Person to Proceed Without Prepayment of Fees form or submit any financial information from his institution of incarceration to allow the Court to determine if he is without the funds to pay the filing fee in this case. (Doc. 2). Petitioner was ordered to either pay the $5.00 fee or file a motion for leave to proceed without prepayment of fees, within thirty (30) days. Petitioner also was advised that his failure to comply with the Order "will result in the dismissal of the action for want of prosecution." (*Id.*).

　　　To date, more than thirty (30) days later, petitioner has failed to comply with the Court's Order.[1]

　　　District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to

---

[1] On November 14, 2014 the Deficiency Order issued in this matter was returned as undeliverable. (Doc. 4). Petitioner's failure to provide the Court with notice of any changes in his address demonstrates a lack of prosecution

an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding.  *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**


  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

in this action.  *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994); *Murphy v. Warden*, No. 1:09-cv-888, 2011 WL 1877994, at *1 (S.D. Ohio May 17, 2011).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AARON SMITH,<br>    Petitioner, | Case No. 1:14-cv-817 |
| vs | Black, J.<br>Bowman, M.J. |
| SECRETARY, DEPARTMENT<br>OF HOMELAND SECURITY, et al.,<br>    Respondents. | **NOTICE** |

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).